. (November 28, 1899.)

## CUMMINGS v. STEELE, Judge.

[59 Pac. 15.]

CERTIORARI—RECEIVER—NOTICE—VOID ORDER.—After appearance in the action, the defendant is entitled to notice of motion for the appointment of a receiver in the action and an order made by the judge after such appearance, without notice to the defendant, is without jurisdiction and void. *Certiorari* lies to annul an order appointing a receiver which was made on *ex parte* application after appearance of the defendant in the action.

(Syllabus by the court.)

Original proceeding by writ of review.

George W. Tannahill and I. N. Smith, for Plaintiffs.

*Certiorari* is the remedy to review appointments of receivers. (*Sweeny v. Mayhew,* ante, p. 455, 56 Pac. 85, cases cited.) The appointment having been made without notice after appearance is void. (Idaho Rev. Stats., sec. 4892; *Larsen v. Winder,* 14 Wash. 109, 53 Am. St. Rep. 864, 44 Pac. 123, cases and citations; *Fischer v. Superior Court,* 110 Cal. 129, 42 Pac. 561, 562.) In Idaho the rules of equity prevail, where no specific provision obtains, and where there is any conflict on the procedure. (Idaho Rev. Stats., sec. 4020.) Therefore, under authorities cited, notice was absolutely necessary and essential to the exercise of jurisdiction. A partnership for a term of years cannot be dissolved merely at will by one party. (1 Parsons on Contracts, 196, 205, at bottom; Parsons on Partnership, 3d ed., 496; *Bradley v. Harkness,* 28 Cal. 69, 78, 1st par.; Story on Partnership, ed. 1841, sec. 276; 1 Story's Equity jurisprudence, Redfield's ed. 1866, sec. 668.)

No brief filed by defendant.

QUARLES, J.—This is a proceeding to review an order appointing one D. H. Haner receiver in an action brought in the district court in and for Nez Perces county by N. S. Soper, plaintiff, against Charles H. Cummings and S. T. Jones, defendants, made by the district judge after the defendants had appeared in the action. The motion for said order was heard, and the order made, without notice to the defendants. The said defendants commenced this proceeding to review said order on the ground that no notice of the application therefor had been given defendants, for which reason the district judge had no jurisdiction to make it. The original action was commenced in the district court, Nez Perces county, July 25, 1899. On August 2, 1899, said defendants appeared in the action, and filed their demurrer, after which, and on April 3, 1899, application *ex parte* was made for the order appointing a receiver, and the receiver appointed without notice to the defendant. The rule in regard to notice in such case is that after appearance such notice must be given, except in case of emergency, when the defendant has absconded, and material injury will result to plaintiff unless

the order be forthwith made. No such showing was made in the case before us. The order was therefore made without jurisdiction, and therefore void. (See Rev. Stats., secs. 4020, 4892; High on Receivers, secs. 111-117, inclusive; *Larsen v. Winder,* 14 Wash. 109, 53 Am. St. Rep. 864, 44 Pac. 123, and authorities there cited.)

The affivadit of the plaintiff presented and used on the hearing of the motion for the order appointing a receiver ends with the following statement, to wit: "That on this first day of August, 1899, the said defendants, Charles H. Cummings and S. T. Jones, have appeared generally, by their attorney, George W. Tannahill, filing and serving a demurrer to said complaint in said action." The demurrer mentioned had on August 1st been served, but was not filed until August 2d. Notwithstanding the statement in said affidavit above quoted, the district judge in his return herein, says: "Prior to said appointment, to wit, on August 2d, the defendants, by their attorney, George W. Tannahill, filed at Lewiston, Idaho, where said cause was pending, a demurrer to said complaint, of which the said judge had no knowledge at the time of making said order."

For the reasons herein given, the order made by the defendant, as district judge, at chambers, at Moscow, Idaho, on the seventh day of August, 1899, in the action of N. S. Soper, plaintiff, against Charles H. Cummings, et al., defendants, appointing D. H. Haner, receiver, and directing the duties to be performed by the said receiver, should be annulled, and it is so ordered. Costs awarded to plaintiffs.

Huston, C. J., and Sullivan, J., concur.