(65 App. Div. 239.)

## GRUBE v. GRUBE.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

DIVORCE—ALIMONY PENDENTE LITE.

    In divorce proceedings by a husband against a wife, weekly alimony pendente lite will not be allowed the wife where a valid separation agreement was in full force, in which provision had been made for the permanent support and maintenance of the wife, and the husband released from all liability.

Appeal from special term, New York county.

Action by Charles Grube against Kathrina Grube for divorce. From an order directing plaintiff to pay defendant alimony pendente lite, the plaintiff appeals. Modified and affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Henry F. Lippold, for appellant.
George W. Dease, for respondent.

LAUGHLIN, J. This action is brought to obtain a divorce. The defendant denies the adultery, and counterclaims for a divorce against plaintiff. That part of the order appealed from requires plaintiff to

pay $7 per week alimony. The order also requires the payment of $75 counsel fees, and to this no objection is interposed. There has been no issue of the marriage. It was shown and uncontroverted that on the 25th day of September, 1888, plaintiff, defendant, his wife, and a third party, as trustee, made a separation agreement in writing in the usual form, which they executed under seal and acknowledged; and that for the purpose of enabling defendant "to support herself, and in lieu of all maintenance and support," plaintiff, pursuant to said agreement, assigned and conveyed to her the saloon and business then being conducted by him at No. 1432 Third avenue, subject to the lien of a chattel mortgage; that plaintiff's interest in said business at that time was worth at least $2,000, and he gave defendant the option to take the saloon business or $2,000 in cash; that it was expressly provided in said agreement that defendant accepted said saloon and business "in satisfaction and discharge of all claims against the party of the first part [plaintiff herein] for alimony and support, and in consideration of such transfer of such saloon the party of the second part [defendant herein] hereby releases and forever discharges the party of the first part from all claims and demands for alimony and support, and from all liability to support, maintain, and provide for the party of the second part, —which business the said party of the second part doth hereby agree to take in full satisfaction for her support and maintenance and all alimony whatever"; and that the trustee agreed to indemnify and save plaintiff harmless from all debts of his wife. In defendant's answer it is alleged that the execution of this agreement by her was procured through fraud, deceit, and duress, and she asks for its cancellation. In her affidavit in support of the motion the facts and circumstances upon which she bases this contention are set forth. They are, in substance, that she had discovered infidelity on the part of her husband, and demanded that he convey to her said saloon and business, it having been purchased, as she claims, with her money, which he agreed to do, and they went to a lawyer's office to have the papers drawn, and that there she was induced to execute the separation agreement in ignorance of its contents. It also appears without dispute that these parties have never since lived together, and that plaintiff has not, during the 13 years which have elapsed, contributed further towards the support or maintenance of his wife. She conducted the saloon business for a period of about seven years, and then, with her bartender, the co-respondent mentioned in the complaint, went to Europe, and, after being absent many months, during which time they were separated, they returned on the same steamer. She states that she has no property now. She, however, not only does not offer to return the property which she received under the separation agreement, or show that it was necessarily consumed in her support and maintenance, but she does not even attempt to explain what became of the property. Having received one-half of his property for alimony, she should offer to return or account for it before he is compelled to contribute further for that purpose. Rose v. Rose, 11 Paige, 166. Controversies had arisen which justified plaintiff and defendant in living apart, and they are

briefly recited in the separation agreement.  In these circumstances the separation agreement for the separate support and maintenance of the wife, made through the intervention of a trustee, was valid and binding upon the parties until set aside by a court of equity.  Galusha v. Galusha, 116 N. Y. 635, 22 N. E. 1114, 6 L. R. A. 487, 15 Am. St. Rep. 453; Clark v. Fosdick, 118 N. Y. 7, 22 N. E. 1111, 6 L. R. A. 132, 16 Am. St. Rep. 733; Hungerford v. Hungerford, 161 N. Y. 550, 56 N. E. 117.  If defendant had any ground for equitable relief from the separation agreement, she could have brought a suit for that purpose at any time during the last 13 years.  It is true, she claims to have been ignorant of the contents of the agreement until the month of February last, when it was produced in the magistrate's court during the hearing on her application to compel plaintiff to provide for her support, but she did not see fit to take any proceedings prior to that time to compel such support, although she had instituted and prosecuted an action for divorce against plaintiff without success.  We think the law does not authorize an award of alimony pendente lite where, as in this case, there is a valid outstanding separation agreement remaining of full force and effect, and in and by which the parties have covenanted to live separate and apart for the remainder of their natural lives, and provision deemed by the wife and her trustee sufficient has been made for her permanent support and maintenance, and she has released the husband from all liability in that regard, and the trustee has agreed to save him harmless from her debts.  Galusha v. Galusha, 116 N. Y. 635, 22 N. E. 1114, 6 L. R. A. 487, 15 Am. St. Rep. 453; Id., 138 N. Y. 273, 283, 33 N. E. 1062.  We do not hold that the separation agreement bars the allowance of counsel fees, and an allowance for the necessary expenses of conducting and defending the litigations, where the necessity for such an allowance is shown; but this is an allowance of alimony weekly for the support of the defendant.  Collins v. Collins, 80 N. Y. 1.

The order should, therefore, be modified by striking out the provision requiring the plaintiff to pay the defendant alimony, and, as modified, affirmed, without costs.  All concur.