(February 7, 1906.)

## DOUGAL v. EBY.

[85 Pac. 102.]

ORDER DISSOLVING INJUNCTION—JUDGMENT AGAINST SURETIES ON IN-
JUNCTION BONDS—WHEN LIABILITY ON INJUNCTION BOND ARISES.

1. Affidavits and papers that are not shown to have been presented to the court or judge thereof at the hearing on a motion to dissolve an injunction, and appear from the judge's certificate not to have been used or considered by him on such hearing,

cannot be considered by this court on appeal from an order made granting or denying such motion.

2. Where the trial court or judge thereof refuses to consider affidavits or other papers or evidence offered on the part of either plaintiff or defendant, exception to such ruling must be saved and the rejected evidence must be incorporated in a bill of exceptions or certified to by the judge as having been presented and rejected in order to be considered on appeal.

3. Where a claim is made against the sureties on an injunction bond for costs, damages or counsel fees on breach of the bond, the sureties are entitled to their day in court and the right to defend against the demand, and it is error for the court or judge thereof to summarily enter judgment against the sureties on the dissolution of the injunction.

(Syllabus by the court.)

APPEAL from District Court in and for Bingham County. Honorable J. M. Stevens, Judge.

From an order dissolving a temporary injunction and directing judgment for costs and damages against the sureties on the injunction bond, plaintiff and his sureties appealed. Affirmed as to the order dissolving the injunction and reversed as to the order directing judgment against the sureties.

The facts are stated in the opinion.

Charles A. Merriman, for Appellant.

The court erred in not considering the affidavits filed on behalf of appellant herein, upon the hearing to dissolve said temporary injunction. (Rev. Stats. 1887, sec. 4295; *Falkenburg v. Lucy,* 35 Cal. 52, 95 Am. Dec. 76.) We claim that the court erred in dissolving the temporary injunction on the showing made on behalf of the respondents herein. (Rev. Stats. 1887, secs. 3396, 4295; *Staples v. Rossi,* 7 Idaho, 618, 65 Pac. 67; *Price v. Grice,* 10 Idaho, 443, 79 Pac. 387; *Myer v. First Nat. Bank,* 10 Idaho, 175, 77 Pac. 334-336; *Kindall v. Lincoln Hardware Co.,* 8 Idaho, 664, 70 Pac. 1056; *McConnell v. Langdon,* 3 Idaho, 157, 28 Pac. 403; High on Injunctions, secs. 1133-1135, pp. 1253, 1254; *Marks v. Weinstock, Lubin & Co.,* 121 Cal. 53, 53 Pac. 362.) In this connection we desire to call the

court's attention to the fact that the affidavit for the fore-
closure of the chattel mortgage is wholly insufficient un-
der the law, and was never served on the appellant. or
anyone else as shown by said record, which was necessary
in order to give the officer jurisdiction to proceed with
the foreclosure of said chattel mortgage. (Rev. Stats. 1887,
sec. 3391; Laws 1905, 129; Rev. Stats. 1887, sec. 3392,
3395; *Blumaur-Frank Drug Co. v. Branstetter,* 4 Idaho, 557,
95 Am. St. Rep. 151, 43 Pac. 575; *Marchand v. Ronaghan,*
9 Idaho, 95, 76 Pac. 731; *Rein v. Calloway,* 7 Idaho, 634, 65
Pac. 63.) We contend on behalf of the appellant that said
chattel mortgage is null and void as against the appellant here-
in and those claimed by, through and under him, because the
description of the property therein set forth is wholly insuffi-
cient to put anyone on notice under the law. (Jones on Chat-
tel Mortgages, sec. 62; 6 Cyc. 1022; *McConnell v. Langsdon,* 3
Idaho, 157, 28 Pac. 403; *McDermed v. Hutchison Wholesale
Grocery Co.,* 63 Kan. 884, 65 Pac. 668; *Rocheleau v. Boyle,* 11
Mont. 451, 28 Pac. 872; *In re Jones,* 123 Fed. 128.) Said
chattel mortgage is also defective because it is alleged to be
given on a stock of goods with power to sell in the usual
course of trade, etc., and is therefore void under the law as
to purchase without notice. (*Wells, Fargo & Co. v. Alturas
Com. Co.,* 6 Idaho, 506, 56 Pac. 165; *Lewiston Nat. Bank v.
Martin,* 2 Idaho, 734, 23 Pac. 920.) Said chattel mortgage
was also defective because it attempts to cover after-acquired
goods placed in stock by the mortgagor, and is therefore void
as to appellant as *bona fide* purchaser without notice under
the law. (Jones on Chattel Mortgages, secs. 138, 139, 154,
157; 6 Cyc. 1041, 1043, 1044; *Long v. Hines,* 40 Kan. 216, 10
Am. St. Rep. 189, 16 Pac. 339; *Mowry v. White,* 21 Wis. 417;
*Cudworth v. Scott,* 41 N. H. 456; *Jones v. Richardson,* 10
Met. 493; *Cressey v. Sabre,* 17 Hun, 120; *Gitting v. Nelson,*
86 Ill. 591; *Tomlinson v. Greenfield,* 31 Ark. 557; *Chapman
v. Weimer,* 4 Ohio St. 481; *Ottis v. Sill,* 8 Barb. 102.) Under
our practice, as we understand it, after the dissolution of the
injunction, the parties in whose favor the bond was given are
required to bring a separate action to enforce their claims

against the sureties on the injunction bond. (High on Injunctions, p. 1230, sec. 1642; *Boise City v. Randell,* 8 Idaho, 119, 66 Pac. 938; *Rice v. Cook,* 92 Cal. 144, 28 Pac. 219.) The alleged action or claim on the injunction bond against the sureties Bybee and La Rue was prematurely made and brought, as no right of action had accrued thereon when the alleged judgment in this case is said to have been rendered against the sureties on said bond, as the original case in which said bond is given had not been "finally" determined and the right of action on said bond did not accrue until that time. (Rev. Stats. 1887, 4291; High on Injunctions, sec. 1649; *Dougherty v. Dore,* 63 Cal. 170; *Bemis v. Gannett,* 8 Neb. 236; *Bank of Monroe v. Gifford,* 65 Iowa, 648, 22 N. W. 913; *Brown v. Galena & M. Co.,* 32 Kan. 528, 4 Pac. 1013; *Gray v. Veirs,* 33 Md. 159; *Penney v. Holburg,* 53 Miss. 567; *Cohn v. Lehmon,* 93 Mo. 574, 6 S. W. 267.)

J. Ed. Smith, for Respondent.

"The modern doctrine of injunctions for temporary purposes is tersely and correctly stated in 16 American and English Encyclopedia of Law, second edition, 345. . . . . A preliminary injunction will never be granted unless from the pressure of an urgent necessity. The damage threatened, and which it is legitimate to prevent during the pendency of the suit, must be in an equitable point of view, of irreparable character." (*Staples v. Rossi,* 7 Idaho, 624, 65 Pac. 67; *Kendall v. Lincoln Hardware etc. Co.,* 8 Idaho, 664, 70 Pac. 1056; *McConnell v. Langdon,* 3 Idaho, 157, 28 Pac. 403.) All the allegations as to the mortgage being null and void, great irreparable injury, no adequate remedy at law and multiplicity of suits, are mere conclusions of law. The court had power and authority to dissolve or modify, and on dissolving the injunction, to have those damages assessed under its own direction and render judgment against the sureties as an incident to the principal suit. (*Tyler Min. Co. v. Last Chance Min. Co.,* 90 Fed. 15, 32 C. C. A. 498.) We submit the following reasons why the appellant has no cause of action against the respondents, at law or in equity, and no

standing before a court of either: 1. Plaintiff alleges the purchase by himself of a stock of goods and a business, in bulk, and fails to allege that the purchase was in accordance with the laws of Idaho, governing such purchases, and hence we claim that even if he had no notice of the mortgage the validity of which he seeks to attack herein, he was not an innocent purchaser. 2. He failed to take an inventory and does not know or even attempt to describe in his pleadings what he purchased of the mortgagor. This is a badge of fraud. (14 Ency. of Law, 516; *Chamberlain v. Dorrance,* 69 Ala. 40; *Cocke v. Carrington Shoe Co.* (Miss.), 18 South. 683.) 3. He purposely and negligently mixed and confused the goods purchased with other goods purchased later, which is another and stronger badge of fraud. (7 Cyc. 36; *Burns v. Campbell,* 71 Ala. 271; *Simmons v. Jenkins,* 76 Ill. 479; *Merchants' Nat. Bank v. McLaughlin,* 2 Fed. 128, 1 McCrary, 258, and numerous cases cited in 7 Cyc. 36, from Massachusetts, New York, and North Carolina.) 4. Appellant, having bought the stock of the mortgagor with full knowledge of the existence of the mortgage, he was in privity with the parties thereto, and cannot question its validity, and had no other or greater rights than the mortgagor. (*Wells, Fargo & Co. v. Alturas Commercial Co.,* 6 Idaho, 506, 56 Pac. 165; 5 Ency. of Law, 995, citing *Cassidy v. Harrelson,* 1 Colo. App. 458, 29 Pac. 525; *Arnold v. Stock,* 81 Ill. 407; *Black v. Robinson,* 61 Miss. 54; *Sanford v. Duluth etc. Elevator Co.,* 2 N. Dak. 6, 48 N. W. 434; *Russell v. Fillmore,* 15 Vt. 130; *Hammond v. Plimpton,* 30 Vt. 333; *Commercial Nat. Bank v. Davidson,* 18 Or. 57, 22 Pac. 517; *Martin v. Michael,* 23 Mo. 50, 66 Am. Dec. 656; *Davis v. Ranson,* 18 Ill. 396; *Simpson v. Vose,* 31 Kan. 230, 1 Pac. 601; *Blumaur-Frank Drug Co. v. Branstetter,* 4 Idaho, 557, 95 Am. St. Rep. 151, 43 Pac. 575.) 5. The complaint fails to state either of three facts which are essential, and which must appear in this case, before an injunction can legally stand: (a) That a great or an irreparable injury will be done to plaintiff, unless defendant is restrained and enjoined; (b) That to enjoin defendant will prevent a multiplicity of actions; (c) That the party sought to be enjoined is

insolvent. The first two are mere allegations of conclusions of.law. (14 Ency. of Pl. & Pr. 219, and footnote 1; *Bauer v. Platt,* 72 Hun, 326, 25 N. Y. Supp. 426; *Fellows v. Spaulding,* 141 Mass. 89, 6 N. E. 548; *Attalla Min. etc. Co. v. Winchester,* 102 Ala. 184, 14 South. 565; *Balogh v. Lyman,* 6 App. Div. 271, 39 N. Y. Supp. 780; 10 Ency. of Pl. & Pr. 954, citing in footnote 1 many cases; 12 Ency. of Pl. & Pr. 1090, 1021, citing two pages of cases in footnote 1, from nearly every state in the Union, and also *Gould v. Evansville etc. R. Co.,* 91 U. S. 526, 23 L. ed. 416; *Alabama v. Burr,* 115 U. S. 424, 6 Sup. Ct. Rep. 81, 29 L. ed. 435.) To justify the court in taking jurisdiction on the ground that a multiplicity of actions will be prevented, the complaint must contain specific allegations setting up the facts and circumstances relied on, that there may appear to be a necessity for equitable interference to prevent unnecessary, annoying or harassing litigation. Mere conclusions will be insufficient. (*Bauer v. Platt,* 72 Hun, 326, 25 N. Y. Supp. 426; *Farmington Village Corp. v. Sandy River Nat. Bank,* 85 Me. 46, 26 Atl. 965; *Sang Lung v. Jackson,* 85 Fed. 502; *Fellows v. Spaulding,* 141 Mass. 89, 6 N. E. 548; *Attalla Min. Co. v. Winchester,* 102 Ala. 184, 14 South. 565; *Balogh v. Lyman,* 6 App. Div. 271, 39 N. Y. Supp. 780.)

AILSHIE, J.—On the 1st of June, 1905, the plaintiff, who is appellant in this court, commenced an action against James S. Eby, as constable, and others, and on the filing of the complaint procured a temporary injunction against the defendants in any manner selling or disposing of certain property. On the seventh day of the same month the defendants filed a general demurrer to the complaint, and at the same time gave notice of motion to dissolve the injunction. The motion to dissolve the injunction was made on the "pleadings and files in the action and affidavit of D. H. Clyne, one of the defendants;" and a copy of the affidavit of Clyne was served on plaintiff's attorney. The motion was noticed for June 12th, and it appears from the order of the district judge that it was not submitted for his consideration until the fourteenth day

of August, at which time it was taken under advisement, and on the twenty-ninth day of August, the district judge made and entered an order dissolving the injunction, and at the same time made and entered the following order against the sureties on the injunction bond: "And it is further ordered and decreed that judgment be entered herein by the clerk of this court against D. B. Bybee and Franklin Larue, the sureties on the injunction bond filed herein, the same having been ascertained and assessed under the direction of the court in the sum of $75 damages for which execution may issue." The plaintiff has appealed from both of these orders. The respondent has made a motion to dismiss the appeal on the ground that an order dissolving a temporary injunction is not appealable. Subdivision 3 of section 4807 of the Revised Statutes authorizes an appeal from an order dissolving an injunction and is decisive of the motion on that ground. The respondent also moves to dismiss on the ground that the transcript is not certified in the manner prescribed by sections 4819 and 4821 of the Revised Statutes. We think the certificate of the judge, however, is sufficient, and upon the argument of the case, counsel for appellant procured an order permitting him to supply the record with a further certificate from the trial judge, which has been done. It is true the record contains some matters not authorized by the statute, but that is not a ground for dismissal of the appeal. The motion must therefore be denied.

The appellant complains of the failure of the trial judge to consider a number of affidavits filed on behalf of the plaintiff on June 16, 1905. These affidavits were filed in rebuttal to the evidence of Clyne, and in opposition to the motion to dissolve the injunction. The plaintiff failed, however, to appear at the hearing on the motion to dissolve the injunction, and it is not shown that these affidavits were called to the attention of the trial judge or were ever presented to him. On the contrary, he certifies under section 4821 of the Revised Statutes, that the only papers used or considered on the hearing of the motion were: "The complaint then on file in said case, and the affidavit of D. H. Clyne, as shown by the tran-

script on appeal, and the sworn statements of J. Ed. Smith, who testified in said matter.'' The record contains the complaint and the affidavit of Clyne, but it does not contain any statement or evidence given by Smith. If the respondent desired to present counter-affidavits, it was incumbent on him to see that such affidavits were presented to the judge at the hearing of the motion, and if the judge should then 'have refused to examine or consider them, it would have been appellant's duty to take exception to such ruling and incorporate such affidavits and showing in a bill of exceptions or have them certified to by the judge as having been presented and rejected in order to present the same to this court on appeal. As the record comes before us with the judge certifying that he considered certain papers and files, and none other, and no showing that the affidavits on behalf of the appellant were presented or called to the attention of the trial judge at the hearing, we are without authority to consider them. They are not properly in the record. (Rev. Stats., secs. 4819, 4821; *Village of Sand Point v. Doyle,* 9 Idaho, 236, 74 Pac. 861.) After an examination of the complaint and the affidavit of Clyne, we are not prepared to say that the trial judge abused his discretion in dissolving the injunction, and cannot therefore interfere with the order in that respect. (*Staples v. Rossi,* 7 Idaho, 618, 65 Pac. 67; *Kendall v. Lincoln Hardware Co.,* 8 Idaho, 664; 70 Pac. 1056; *Meyer v. First Nat. Bank,* 10 Idaho, 175, 77 Pac. 334, *Price v. Grice,* 10 Idaho, 443, 79 Pac. 387.)

The plaintiff and his bondsmen specially complain of that part of the order assessing damages against the sureties on the injunction bond. The appellants contend that the court was without jurisdiction to enter any judgment for damages and costs on the injunction bond until the case shall be finally determined on its merits. Respondent insists, however, that the practice adopted is permissible, and in support thereof cites the opinion of the United States circuit court of appeals for the ninth circuit in the case of *Tyler Min. Co. v. Last Chance Min. Co.,* 90 Fed. 15, 32 C. C. A. 498, a case appealed from the circuit court for the district of Idaho. In

that case the court held that: "A court of equity, on the dissolution of an injunction, may, under its general powers, and in the absence of statutory provisions, have the damages occasioned by its issuance assessed under its own direction, and may render judgment therefor against the sureties as an incident to the principal suit." The practice upheld in the Tyler-Last Chance case rests on the rule of the English chancery courts (2 High on Injunctions, 4th ed., sec. 1656), and has received at least a partial recognition in the federal courts of this country where no statutory provisions control. The wisdom of this practice was doubted, however, in *Russell v. Farley*, 105 U. S. 445, 26 L. ed. 1064. It should be borne in mind that in this state we have a statute providing the manner of giving injunction bonds and the liability of sureties thereon and the conditions on which the liability attaches. Section 4291 of the Revised Statutes requires a plaintiff who procures an order for an injunction to give an undertaking "with sufficient sureties to the effect that the plaintiff will pay to the party enjoined such costs, damages and reasonable counsel fees, not exceeding an amount to be specified, as such party may incur or sustain by reason of the injunction, if the court finally decide that the plaintiff was not entitled thereto." This statute was adopted from California (Code Civ. Proc., sec. 529), and in *Clark v. Clayton*, 61 Cal. 634, it was held that an action commenced on an injunction bond prior to the final determination of the principal case was prematurely brought and that a nonsuit was properly granted. In *Dougherty v. Dore*, 63 Cal. 170, the court held that "a cause of action upon an undertaking for an injunction does not accrue until the final determination of the action upon which the injunction was obtained." The doctrine announced in this latter case has support in the following authorities: 1 Spelling on Injunctions and Extraordinary Remedies, sec. 957; 2 High on Injunctions, 4th ed., secs. 1649-1654; *Supreme Court I. O. F. v. Supreme Court U. O. F.*, 94 Wis. 234, 68 N. W. 1011; *Reddick v. Webb*, 6 Okla. 392, 50 Pac. 363; *Cohn v. Lehman*, 93 Mo. 574, 6 S. W. 267; *Browne v. Edwards & McCullough Lumber Co.*, 44 Neb. 361, 62 N. W. 1070;

*Brown v. Galena M. & S. Co.,* 32 Kan. 528, 4 Pac. 1013; *Asevado v. Orr,* 100 Cal. 293, 34 Pac. 777. We fail to find any case from California, or any other state where they have a like statute, in which the practice of entering judgment against the principal and sureties on an injunction bond by the court in the main case and without the commencement of an action on the bond bringing in the sureties, has ever received sanction or approval. The bond required to be executed upon the issuance, of an injunction constitutes a contract whereby the principal and sureties agree to indemnify the defendant against loss in the matter of costs, damages and attorney's fees incurred by reason of the injunction in case it should finally be determined that the plaintiff was not entitled thereto. Whenever the defendant claims that there has been a breach of such contract, and that he is entitled to recover for such breach, the defendants are entitled to their day in court and their right to defend both against the charge that there has been a breach in the contract as well as against the amount of costs, damages and counsel fees claimed. We conclude that the order dissolving the injunction must be affirmed, and that the judgment entered against the bondsmen for $75 damages for breach of the injunction bond must be reversed and vacated, and it is so ordered. The appellant will be awarded costs for one-half his transcript and such other costs as are legally taxable.

Stockslager, C. J., and Sullivan, J., concur.

### ON REHEARING.

SULLIVAN, J.—We have examined the petition and find nothing in it that would justify the granting of a rehearing. The certificate of the judge shows what papers were considered by him on the hearing of the motion to dissolve the injunction, but there is nothing in the record to show that the affidavits filed on behalf of the appellant were ever called to the attention of the judge. The record does not show why the judge did not consider said affidavits on the hearing. It was the duty of counsel for appellant to see that the said

affidavits were presented to the judge, and if he refused to consider them, ascertain the ground of refusal and present it with said affidavits by bill of exceptions to this court. There is no doubt but that counsel for the appellant acted in perfect good faith in the matter. The provisions of the statute are amply sufficient to protect the rights of the respective parties to this case, but on the record before us the petition for new trial must be denied, and it is so ordered.

Stockslager, C. J., and Ailshie, J., concur.