(December 31, 1924.)

THOMAS B. HAY, Petitioner, v. JOSEPHINE HAY and W. F. McNAUGHTON, Judge of the District Court of the Eighth Judicial District, Defendants.

[232 Pac. 895.]

WRIT OF REVIEW—SCOPE—JURISDICTIONAL QUESTIONS—DIVORCE AC-
TION—ORDER FOR SUIT MONEY—NONAPPEALABLE ORDER UNDER
C. S., SEC. 7243—PROPERTY SETTLEMENT—EFFECT OF ON MOTION
FOR SUIT MONEY—DISCRETION OF LOWER COURT—APPEALABLE
ORDER NOT SUBJECT TO WRIT OF REVIEW—ORDER FOR CUSTODY
OF CHILD—AGREEMENT BETWEEN PARENTS—EFFECT OF ON POWER
OF COURT—CONTEMPT PROCEEDING—AFFIDAVIT—SERVICE OF ORDER
—DEMAND—PERSONAL KNOWLEDGE—ORDER IN EXCESS OF JURIS-
DICTION.

1. On a writ of review the only question before the court is whether the tribunal in question regularly pursued its lawful authority.

2. On a writ of review the evidence cannot be examined further than to ascertain whether there was proof of jurisdictional facts without which the court had no power to act.

3. An order for suit money and attorney fees *pendente lite* is not appealable.

4. The appeal mentioned in C. S., sec. 7243, is a direct appeal from the order in question, and not the appeal from the final judgment in which the order may be incidentally reviewed.

5. The existence of a property settlement between husband and wife does not prevent the district court granting the wife suit money and attorney fee in an action for divorce.

6. A motion for suit money and attorney fee in a divorce action is addressed to the sound discretion of the district court.

7. An order restraining a party to a divorce action from alienating or encumbering his property is appealable, and will not be reviewed on a writ of review.

8. The question of the right to custody of a minor child *pendente lite* may be raised by motion in a divorce action, and is addressed to the sound discretion of the district court.

9. The existence of an agreement between the parents as to the custody of a child does not prevent the district court in a divorce action making an order in regard to its custody *pendente lite*.

10. In a proceeding for contempt occurring outside the presence of the court, the affidavit is the complaint, and must set forth facts which constitute a contempt.

11. Allegation and proof of service of the order and demand are not necessary where it is alleged and proved that the alleged contemnor had personal knowledge of the order.

12. A court has no jurisdiction to punish a person for contempt for failing to comply with an order which the court had no jurisdiction to make.

13. When it clearly appears from the record that the basis of a judgment for contempt is a provision of an order which the court had no jurisdiction to make, the judgment will be reversed on writ of review.

Original application for a Writ of Review.

Action for divorce. Order for suit money and attorney fee. Restraining order. Order for custody of child. Judgment for contempt. Writ of review granted. Writ *quashed* as to restraining order and order for custody of child. Order for suit money and attorney fee, and judgment for contempt *reversed.*

W. D. Keeton and Ezra R. Whitla, for Plaintiff.

"The right of the court to allow attorney's fees is derived from the statute, and by the terms of the statute only can be put into operation when it is necessary to enable the wife to defend or prosecute the action." (*Donaldson v. Donaldson*, 31 Ida. 180, 170 Pac. 94.)

"Agreements as to alimony or property rights, while there is no collusion to procure a divorce, are usually valid, and the court will sustain the same." (13 C. J., par. 406, p. 464; *Bulke v. Bulke*, 173 Ala. 138, 55 So. 490; *Grube v. Grube*, 65 App. Div. 239, 72 N. Y. Supp. 529; *Galusha v. Galusha*, 116 N. Y. 635, 15 Am. St. 453, 22 N. E. 1114, 6 L. R. A. 487; *Henderson v. Henderson*, 37 Or. 141, 82 Am. St. 741, 60 Pac. 597, 61 Pac. 136, 48 L. R. A. 766; *Storey v. Storey*, 125 Ill. 608, 8 Am. St. 417, 18 N. E. 329, 1 L. R. A. 320; *Owen v. Yale*, 75 Mich. 256, 42 N. W. 817; *Walker v. Beal*, 9 Wall. (U. S.) 743, 19 L. ed. 814; *Daniels v. Benedict*, 97 Fed. 367, 38 C. C. A. 592; *Amspoker v. Amspoker*, 99 Neb. 122, 155 N. W. 602; *Nieukirk v. Nieukirk*, 84 Iowa, 367, 51 N. W. 10; *Martin v. Martin*, 65 Iowa, 255, 21 N. W. 595; *Ross v. Ross*, 47 Mich. 185, 10 N. W. 193; *Methvin v. Methvin*, 15 Ga. 97, 60 Am. Dec. 664; *Turner v. Turner*, 80 Cal. 141, 22 Pac. 72; *Hill v. Hill*, 74 N. H. 288, 124 Am. St. 966, 67 Atl. 406, 12 L. R. A., N. S., 848.)

"In order to punish a party for failure to comply with an order of court, it is necessary that such order should have been served on the alleged contemnor personally." (5 Ency. Pl. & Pr. 394; *Tebo v. Baker*, 77 N. Y. 33; *Curtis v. Powers*, 146 App. Div. 246, 130 N. Y. Supp. 914; *Grant v. Greene*, 121 App. Div. 756, 106 N. Y. Supp. 532.)

The affidavit must aver that the order has been served and demand of obedience made, otherwise no jurisdiction is acquired to punish the contempt. (*State ex rel. Stillwell v. Stillwell*, 80 Or. 610, 157 Pac. 970.)

"The affidavit to punish a party as for contempt in violating a decree in a civil suit must allege that the decree was served on the party in default, or that he had personal

knowledge thereof.'' (*Trullinger v. Howe,* 58 Or. 73, 113 Pac. 4.)

A proper affidavit must be submitted before the court acquires jurisdiction. (*Harkness v. Hyde,* 31 Ida. 784, 176 Pac. 885; *State v. Conn,* 37 Or. 596, 62 Pac. 289; *Hawthorne v. State,* 45 Neb. 871, 64 N. W. 359; 13 C. J., pp. 64, 65, par. 89.)

The fact that a person does not do something the court has ordered him to do is not contempt unless the order itself is proper. (*Ex parte Shortridge,* 5 Cal. App. 371, 90 Pac. 478; *Ex parte Zeehandelaar,* 71 Cal. 238, 12 Pac. 259.)

''To justify the imprisonment of a person until he has performed an act, it must appear that the performance of the act 'is yet in the power of the person to perform.' '' (*Re Hamberg,* 37 Ida. 550, 217 Pac. 264.)

The order in this case regarding attorney's fees is not appealable, nor the order regarding the custody of the child. (*Crosslin v. Crosslin,* 35 Ida. 765, 208 Pac. 402.)

The writ of review is the proper remedy. (*Johnson v. Ensign,* 38 Ida. 615, 224 Pac. 73.)

The court may have jurisdiction of the parties and the subject matter but no jurisdiction to do the thing asked for, and an attempt to do so is beyond or in excess of jurisdiction. (*Cronan v. District Court,* 15 Ida. 184, 96 Pac. 768.)

Robt. H. Elder and Ed. S. Elder, for Defendants.

The order granting an injunction restraining plaintiff from disposing of the property belonging to the plaintiff and defendant, during the pendency of the action, or until further order of court, was an appealable order. (C. S., secs. 7152, 7170; *Dougal v. Eby,* 11 Ida. 789, 85 Pac. 102.)

The order awarding suit money and attorney's fees is an intermediate or interlocutory order which can be reviewed on appeal from the final judgment. (C. S., secs. 7152, 7170, 7171; *Maple v. Williams,* 15 Ida. 642, 98 Pac. 848; *Utah Assn. of Credit Men v. Budge,* 16 Ida. 751, 102 Pac. 691; *Weiser Irr. Dist. v. Middle Valley etc. Co.,* 28 Ida.

548, 155 Pac. 484; *Richards v. Richards,* 24 Ida. 87, 132 Pac. 576.)

A writ of review will not issue where order may be reviewed on appeal. (C. S., sec. 7243; *People v. Lindsay,* 1 Ida. 394; *Rogers v. Hays,* 3 Ida. 597, 32 Pac. 259; *Porter v. Steele,* 7 Ida. 414, 63 Pac. 187; *Chemung Mining Co. v. Hanley,* 11 Ida. 302, 81 Pac. 619; *Dahlstrom v. Portland Min. Co.,* 12 Ida. 87, 85 Pac. 916; *Canadian Bank of Commerce v. Wood,* 13 Ida. 794, 93 Pac. 257; *Coeur d'Alene Min. Co. v. Woods,* 15 Ida. 26, 96 Pac. 210; *Utah Assn. of Credit Men v. Budge,* 16 Ida. 751, 102 Pac. 691; *Shumake v. Shumake,* 17 Ida. 649, 107 Pac. 42; *Bobbitt v. Blake,* 25 Ida. 53, 136 Pac. 211; *State v. Hosford,* 27 Ida. 185, 147 Pac. 286; *Neil v. Public Utilities Com.,* 32 Ida. 44, 178 Pac. 271; *Johnson v. Ensign,* 38 Ida. 615, 224 Pac. 73; *Stoddard v. Superior Court,* 108 Cal. 303, 41 Pac. 278.)

The allowance to the wife of counsel fees and suit money pending an action for divorce rests in the sound discretion of the trial court. (*Wyatt v. Wyatt,* 2 Ida. 236, 10 Pac. 228; *Day v. Day,* 12 Ida. 556, 10 Ann. Cas. 260, 86 Pac. 531; *Day v. Day,* 15 Ida. 107, 96 Pac. 431; *Callahan v. Dunn,* 30 Ida. 225, 164 Pac. 356; C. S., secs. 4642, 4653; *Taylor v. Taylor,* 33 Ida. 445, 196 Pac. 211; *Enders v. Enders,* 36 Ida. 481, 211 Pac. 549.)

The trial court had jurisdiction to award custody of the minor child. (C. S., sec. 4643; *Donaldson v. Donaldson,* 31 Ida. 180, 170 Pac. 94; *Porter v. Steele,* 7 Ida. 414, 63 Pac. 187.)

A contract or a stipulation awarding the custody of a minor child does not affect or abridge the right of the court to award the custody of the minor child. (*Wilson v. Wilson,* 45 Cal. 399; *Black v. Black,* 149 Cal. 224, 86 Pac. 505; *Miller v. Higgins,* 14 Cal. App. 156, 111 Pac. 403; *Hunt v. Hunt,* 4 G. Greene (Iowa), 216; *Lowry v. Lowry,* 108 Ga. 766, 33 S. E. 421.)

If the order made by the trial court was within its jurisdiction, however erroneous it may have been, it cannot be

reviewed by writ of review. (*Gunderson v. District Court,* 14 Ida. 478, 94 Pac. 166; *Weiser Nat. Bank v. Washington County,* 30 Ida. 332, 164 Pac. 1014; *Neil v. Public Utilities Com.,* 32 Ida. 44, 61, 178 Pac. 271; *Grannis v. Superior Court,* 143 Cal. 630, 77 Pac. 647; *Stimpson Computing Scale Co. v. Superior Court,* 12 Cal. App. 536, 107 Pac. 1013.)

Matters of discretion are not reviewable upon writs of *certiorari.* (*Green v. Rogers,* 18 Cal. App. 572, 123 Pac. 974; *Gauld v. Board of Supervisors,* 122 Cal. 18, 54 Pac. 272; *People v. Latimer,* 160 Cal. 716, 117 Pac. 1051; *I. X. L. Lime Co. v. Superior Court,* 143 Cal. 170, 76 Pac. 973; *Hughes v. Moncur,* 28 Cal. App. 462, 152 Pac. 968.)

The signing of an agreement settling property rights does not deprive the court of jurisdiction to award attorney's fees and suit money. (*De Cloedt v. De Cloedt,* 24 Ida. 277, 133 Pac. 664; *Dolliver v. Dolliver,* 94 Cal. 642, 30 Pac. 4; *Campbell v. Campbell,* 73 Iowa, 482, 35 N. W. 522.)

The judgment and orders of the court or judge made in cases of contempt are final and conclusive. (*In re Niday,* 15 Ida. 559, 560, 98 Pac. 845; *Levan v. Richards,* 4 Ida. 667, 43 Pac. 574; C. S., sec. 7396.)

When the district court in contempt proceedings keeps within its jurisdiction, a writ of review will not lie. (*Mitchell v. Superior Court,* 163 Cal. 423, 125 Pac. 1061; *People v. Latimer,* 160 Cal. 716, 117 Pac. 1051; *Strain v. Superior Court,* 168 Cal. 216, Ann. Cas. 1915D, 702, 142 Pac. 62.)

The writ of review is not a remedy for correcting errors, mistakes of judgment, nor for the purpose of reviewing facts upon which the inferior tribunal, board or officer acted, but its province is limited entirely to a review of questions of law which are confined to the specific question as to whether or not the act complained of was beyond and in excess of the jurisdiction conferred. (C. S., sec. 7249; *Murphy v. Board of Equalization,* 6 Ida. 745, 59 Pac. 715; *McConnell v. State Board, etc.,* 11 Ida. 652, 83 Pac. 494; *Coeur D'Alene M. Co. v. Woods,* 15 Ida. 26, 96 Pac.

210; *First Nat. Bank of Weiser v. Washington County,* 17 Ida. 306, 105 Pac. 1053, 29 L. R. A., N. S., 400.)

McCARTHY, C. J.—This is an original proceeding for writ of review. Plaintiff and defendant Josephine Hay are husband and wife. The other defendant, W. F. McNaughton, is district judge, whose orders are the subject of this proceeding. Josephine Hay will be referred to herein as the defendant and the judge will be referred to as the defendant judge. On May 21, 1924, plaintiff and defendant entered into a written agreement called a marriage settlement, by which they purported to divide the community property. Defendant received some real estate in San Francisco, and an automobile and plaintiff agreed to pay her $9,000. Of this $2,000 was paid in cash, $3,000 was later deposited to her credit in the First National Bank of St. Maries, and the balance of $4,000 was to be paid not later than July 21, 1926. Plaintiff got certain real estate. Each party agreed that the share of property received by him or her should be in full satisfaction of all rights in the community property, and defendant agreed to release plaintiff from all future claim for support and maintenance. It was further agreed that this contract should be incorporated into any decree of divorce which might be obtained by either of them. The contract also contained a provision that plaintiff should have custody of Lucille June, the adopted daughter of plaintiff and defendant. Subsequently plaintiff brought an action against defendant on the ground of cruel and inhuman treatment, in which he asked for a divorce, for a confirmation of the property settlement and for custody of the child. The defendant made a general appearance by demurrer. She then made an application to the court for an order requiring plaintiff to pay her reasonable suit money and attorney fees, for an order restraining plaintiff from encumbering, selling or otherwise disposing of any personal or real property in his possession, and for an order giving her custody of the child during the pendency of the action. Her application was supported by

affidavits. Plaintiff filed affidavits in opposition thereto. In her affidavit she stated, among other things, that, before the property settlement was made, plaintiff misrepresented the amount and value of the community property, that he caused the father of the child to institute an action in the probate court to obtain her custody and informed defendant that if she did not agree that he might have the custody of the child he would advise the court to take the child from them and deliver it to her father, but if she would sign the agreement giving him the custody of the child he would keep her in their home and defendant would have supervision over her. She also alleged that he falsely accused her of infidelity and drove her from their home at the point of a revolver and that, by reason of all these facts, she was ill in body and mind when she signed the agreement. She contends that she was induced to sign it by fraud and duress. She did not file an answer or cross-complaint directly attacking the agreement. Upon the hearing of the motion the court made three separate orders. The first one ordered plaintiff to pay defendant $1,000 attorney fee and $500 suit money. .It provided among other things:

"It is further ordered, that the said amounts of $1,000 and $500 may be paid by the plaintiff from the funds deposited by this plaintiff in the First National Bank of St. Maries, Idaho, to the credit of defendant herein, said money to be paid by the plaintiff upon defendant's giving to plaintiff and to said bank a receipt for said amount, said receipt to be signed by said defendant or by defendant's attorneys.

"It is further ordered, that the balance of said funds, deposited in said bank by plaintiff to defendant's credit, be held in said bank, and that plaintiff and defendant are enjoined both, from using or disposing of said funds, pending this action or until the further order of this court."

The second order enjoined plaintiff from encumbering, selling or otherwise disposing of any of the real or personal property of plaintiff and defendant pending the action. A third order provided that defendant should have the custody of the child during certain hours on certain days of

the week, and plaintiff should have her custody at other times. September 15, 1924, defendant applied to the district court for an order citing plaintiff to show cause why he should not be adjudged in contempt for failure to comply with the order that he pay her $1,500 attorney fee and suit money. The principal affidavit in support of the application for a citation was made by one of defendant's attorneys. It alleged that the money had not been paid, that, on the hearing, the district judge prepared an order for the signature of both plaintiff and defendant running to the First National Bank of St. Maries requiring it to pay defendant or her attorneys the sum of $1,500 in accordance with the order of the court; that defendant's attorneys requested plaintiff's attorney to obtain his signature to the order, and that said attorney agreed to see plaintiff and try to get him to sign the same, that this request was repeated several times but that plaintiff did not sign it. This principal affidavit is accompanied by three others in which it is alleged that the plaintiff stated he would not pay the money. Plaintiff filed counter-affidavits in which he sought to establish that defendant was better able to pay her own costs than he was able to pay them, and set up that the money in the bank at St. Maries belonged to defendant, and was entirely beyond his control. He also contended the court had no jurisdiction because defendant's affidavits failed to allege that the court's order was served upon him or that any demand had been made on him to comply with it. After a hearing the court found that plaintiff was able to comply with the order for payment of the money and had refused to do so, adjudged him in contempt, and committed him to jail until he complied with it, such imprisonment not to exceed thirty days. Plaintiff thereupon sued out a writ of review in this court in response to which the entire record has been sent up for the purpose of reviewing the four orders of the district court above mentioned, to wit, the order for suit money, the restraining order, the order in regard to the custody of the child, and the order committing plaintiff for contempt. Defendants have moved to

quash and dismiss the writ on the ground that it appears the trial court did not act without or in excess of its jurisdiction.

We will first consider the scope of the writ of review. C. S., sec. 7249, provides:

"Sec. 7249. The review upon this writ cannot be extended further than to determine whether the inferior tribunal, board or officer has regularly pursued the authority of such tribunal, board or officer." (*Gunderson v. District Court*, 14 Ida. 478, 94 Pac. 166; *Utah Assn. of Credit Men v. Budge*, 16 Ida. 751, 102 Pac. 691.)

However, the evidence may be examined under the writ of review for the purpose and to the extent of determining whether or not the facts necessary to give the inferior tribunal jurisdiction existed, as agreed by Mr. Justice Rice in his concurring opinion and Mr. Justice Budge in his dissenting opinion in *Neil v. Public Utilities Com.*, 32 Ida. 44, 178 Pac. 271. See, also, *Sweeney v. Mayhew*, 6 Ida. 455, 56 Pac. 85; *Cummings v. Steele*, 6 Ida. 666, 59 Pac. 15; *First Nat. Bank of Weiser v. Washington County*, 17 Ida. 306, 105 Pac. 1053, 29 L. R. A., N. S., 400; *Lansdon v. State Board of Canvassers*, 18 Ida. 596, 111 Pac. 133; *Salt Lake City v. Utah Light & Traction Co.*, 52 Utah, 210, 3 A. L. R. 715, 173 Pac. 556. The same thought is expressed by the supreme court of California:

"On a writ of *certiorari* to review a judgment punishing petitioners for contempt, the supreme court cannot review the evidence in so far as it affects or applies to the merits, but only to ascertain whether there was proof of jurisdictional facts, without which the court had no power to punish for contempt." (*Strain v. Superior Court*, 168 Cal. 216, Ann. Cas. 1915D, 702, 142 Pac. 62.)

In any proceeding, and particularly in a contempt proceeding where one's liberty is at stake, the court should, on writ of review, inquire whether there was any evidence of the jurisdictional facts. Otherwise a judge could, on the mere charge of contempt committed outside the presence of the court, commit a person to jail without any evidence.

Since all four orders of the court are the subject of this review we will consider them in the following order.

Defendant argues that the order for suit money and attorney fee is not the subject of a writ of review because it is appealable. It is not itself appealable. (*Crosslin v. Crosslin*, 35 Ida. 765, 208 Pac. 402.) It could be reviewed incidentally on an appeal from final judgment. (C. S., sec. 7170.) However, C. S., sec. 7243, in speaking of an appeal, clearly refers to a direct appeal from the particular order in question. Any other construction would be both strained and harsh. Plaintiff contends that the existence of the property settlement deprived the district court of jurisdiction to grant suit money. *Grube v. Grube*, 65 App. Div. 239, 72 N. Y. Supp. 529, cited by him, holds that a separation agreement would bar alimony but not suit money. *Campbell v. Campbell*, 73 Iowa, 482, 35 N. W. 522, holds that the existence of a property settlement does not prevent the court granting suit money and attorney's fee. The question whether it was necessary to order the payment of suit money and attorney fee was addressed to the discretion of the trial court and its decision should be reversed only for an abuse of discretion. (C. S., secs. 4553, 4642. It is not necessary to discuss here the question of the validity of the property settlement. It could not be finally decided in passing on any of the motions involved. When such an agreement is attacked the husband has the burden of clearly showing that it was fair in every particular. (*De Cloedt v. De Cloedt*, 24 Ida. 277, 133 Pac. 664.) It was attacked by defendant by the allegations in her affidavit. We do not agree with plaintiff's contention that the district court was bound to consider the agreement valid in the absence of a cross-complaint seeking to set it aside. For the purpose of passing upon the question of suit money and attorney fee the matter could be raised by affidavit. We see no ground for holding that the court was without jurisdiction to pass upon the application for suit money and attorney fee. As to whether it exceeded its jurisdiction in making the order which it did, more will be said in connec-

tion with the commitment for contempt.

As to the order restraining plaintiff from alienating, encumbering or disposing of the property, that order is appealable. (C. S., sec. 7152; *Dougal v. Eby,* 11 Ida. 789, 85 Pac. 102.) The writ of review does not lie when there is an appeal. (C. S., sec. 7243; *Callahan v. Dunn,* 30 Ida. 225, 164 Pac. 356; *Taylor v. Taylor,* 33 Ida. 445, 196 Pac. 211.)

As to the order concerning the custody of the child, *pendente lite,* the matter was addressed to the sound discretion of the lower court. (C. S., sec. 4643; *Donaldson v. Donaldson,* 31 Ida. 180, 170 Pac. 94.) The statute does not require that such question be raised by cross-complaint as contended by plaintiff. It was properly raised by the motion and affidavits. Plaintiff is in error in his contention that the affidavits do not raise the question of plaintiff's fitness. Defendant's affidavit does raise it. We cannot agree with plaintiff that the contract in regard to the custody of the child prevented the court making such an order. (*Black v. Black,* 149 Cal. 224, 86 Pac. 505.) We see no ground for holding that the court was without jurisdiction or exceeded its jurisdiction in this matter.

We come now to the contempt proceeding. Where the alleged contempt occurs outside the presence of the court, the affidavit is the complaint and must set forth acts which constitute a contempt. (C. S., sec. 7385; *Harkness v. Hyde,* 31 Ida. 784, 176 Pac. 885; *Batchelder v. Moore,* 42 Cal. 412; *Mitchell v. Superior Court,* 163 Cal. 423, 125 Pac. 1061.) Service of a copy of the order and a demand are not necessary where the party complained of has personal notice of the order. (*Trullinger v. Howe,* 58 Or. 73, 113 Pac. 4; *Mitchell v. Superior Court, supra; Ex parte Cottrell,* 59 Cal. 417.) In this case the affidavits show that plaintiff had notice and that demand was made on him through his counsel. Plaintiff contends that the court had no jurisdiction to commit him for contempt in the absence of a showing that he was able to comply with the order. (*In re Hamberg,* 37 Ida. 550, 217 Pac. 264.) He also contends that the court

had no jurisdiction to commit him for contempt because the order which he is alleged to have disobeyed is one which the court had no jurisdiction to make. These contentions raise the most difficult question presented. It appears clear from the whole record that the defendant judge intended the $3,000 deposited by plaintiff to defendant's credit in the First National Bank of St. Maries should be used to pay the attorney fee of $1,000 and the $500 suit money. The court in its order directed that the plaintiff pay this money to defendant upon defendant giving to plaintiff and the bank a receipt therefor. It appears that an order was prepared under direction of the court by which plaintiff would direct the bank to make the payment to defendant. It clearly appears from the whole record that it was plaintiff's failure to sign this order which caused the court to adjudge him in contempt and order his imprisonment. We are not enlightened as to why the defendant judge incorporated this provision in the order. It may have been because he desired the fund to be used in order to avoid delay and yet wanted to compel the plaintiff to recognize he had an interest in it, so that the plaintiff would in fact be paying the amount allowed. However, an order of a court cannot alter uncontradicted facts. The record clearly shows that the money had been deposited by plaintiff to defendant's credit and that plaintiff retained no control over it. The money belonged to defendant. While she had stated in her affidavit that she intended to attack the property settlement, it was certainly not within the power of the court to set it aside by an order granting suit money. By such an order the court had absolutely no power to divest defendant of her title to this money or reinvest plaintiff with title to it. The court had no power to order the bank to turn this money over to plaintiff or on his order. The uncontradicted affidavit of the president of the bank shows that the money would not be turned over to plaintiff or on his order, but would be turned over on her order. To be sure plaintiff could have performed the physical act of signing the order but it would have been a useless act; he could not pay this

particular money to the defendant, which was what the court ordered him to do, and what he was punished for not doing. We conclude that this particular provision of the order was in excess of the court's jurisdiction. It may be suggested that this particular provision of the order can be stricken as surplusage, leaving it an out-and-out order for the direct payment of $1,500 from plaintiff to defendant and that this court should modify it to that effect. We cannot be sure, however, that the district court, to whose discretion the matter is in the first instance addressed, would have made such an order as that. We think it preferable to reverse the order and permit the matter to be resubmitted to the trial judge.

It is equally clear from the entire record that the defendant judge found plaintiff guilty of contempt and committed him to jail because he failed to comply with the above provision of the order, which we conclude was in excess of the court's jurisdiction. This is clear from the affidavit which is the basis of the proceeding and from the recitals of the judgment. Then, too, since the order for suit money was the basis of the judgment for contempt and we find it necessary to reverse that order, the judgment for contempt falls with the order on which it is based. Accordingly we conclude that the judgment for contempt must be reversed.

To sum up, defendant's motion to quash the writ of review is granted as to the restraining order and the order touching the temporary custody of the child. Defendant's motion to quash the writ of review is denied as to the order for suit money and the judgment of contempt. The orders for suit money and the judgment for contempt are annulled. The case is remanded to the district court for further proceedings in accordance with the views herein expressed. No costs are awarded.

Budge, William A. Lee and Wm. E. Lee, JJ., concur.