THE SUPREME COURT OF INDEPENDENT ORDER OF FORESTERS OF CANADA and another, Appellants, vs. THE SUPREME COURT OF THE UNITED ORDER OF FORESTERS and others, Respondents.

*October 13 — November 4, 1896.*

(1) *Mutual benefit associations: Incorporation.* (2-6) *Injunctions:* De facto *corporation: "Final decision:" Reference.*

1. Fraternal and beneficiary associations for furnishing life and casualty insurance and indemnity upon the mutual and assessment plan having been declared not to be life insurance companies within the meaning of the general insurance laws and to be exempt from their provisions, their organization as corporations *seems* to have been provided for under the clause of sec. 1771, R. S., authorizing the formation of corporations "for any lawful business or purpose whatever."

2. In the absence of statutory authority a court of equity has no jurisdiction, at the suit of a private party, to try and determine the question whether a corporation *de facto* is a corporation *de jure*, or to decree the forfeiture of its franchises, or its dissolution, or to exclude it from the exercise of its corporate franchises, the exclusive remedy in such a case being a direct proceeding at law in the nature of *quo warranto* at the suit of the state.

3. A court of equity having no right to enjoin a *de facto* corporation from exercising its corporate franchises, could not enjoin its officers and agents from carrying on the general business of the corporation.

4. An injunctional order requiring a corporation "to strictly refrain from doing or transacting any business as a fraternal or beneficiary corporation, order, or association, for the relief of its members and beneficiaries, furnishing life and casualty insurance and indemnity upon the mutual plan," except with members enrolled prior to a certain date, at which time the name of the corporation had been changed, operated to suspend the business the corporaration was organized to transact, and having been issued by a court commissioner and without notice, in violation of sec. 2780, R. S., was properly vacated by the circuit court.

5. The unauthorized payment to one fraternal and beneficiary corporation of dues and assessments belonging to another, or the imminent danger of such collection and payment, would not warrant an injunction, since the payment would be void.

6. An order of the circuit court, vacating a temporary injunction issued by a court commissioner, is not a final decision that the plaintiff is not entitled to the injunction, such as would warrant a reference to ascertain the damages which the defendant has sustained by reason of such injunction, under sec. 2778, R. S.

APPEAL from an order of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed in part; reversed in part.*

Action to obtain an injunction. It appears from the complaint that the plaintiffs are fraternal and beneficiary corporations for furnishing life and casualty insurance and indemnity upon the mutual and assessment plan; one organized under the laws of the dominion of Canada, and the other under the laws of the state of Wisconsin, and both licensed and authorized to carry on their business in the state of Wisconsin, having over 65,000 members. They have been usually known as "Foresters," or "The Independent Order of Foresters," and as such are doing business to the amount of several hundred thousand dollars in this state, each year. It was alleged that divers persons, named as defendants, organized a like corporation August 24, 1894, and claimed and pretended that they had organized on the 24th day of August, 1894, at the city of Madison, in the state of Wisconsin, a similar corporation, under the laws of the state, authorized to transact the same kind of business, upon the same plan, in Wisconsin and elsewhere, under the name of *The Supreme Court of the United Order of Foresters*, located and having its principal place of business at Madison, Wisconsin; that other defendants named counseled, advised, aided, and assisted in respect thereto, but that in fact no such corporation was ever lawfully organized under and by virtue of the laws of Wisconsin or otherwise; that it was not, and never was, a duly or legally organized corporation therein, or empowered to do or transact such business in the state of Wisconsin or elsewhere; that the

origin of said alleged corporation was that certain of the defendants entered into articles for the purpose of forming a corporation for the purposes aforesaid, under the name of " The Columbian League," to be located at Waukesha, Wisconsin, and began to act as such corporation; that it thereafter made and filed in the office of the secretary of state a certified copy of certain amendments to its articles, whereby its name was changed to " The Columbian Life of Wisconsin," and its location was fixed at Madison, and that thereafter its name was undertaken and assumed to be changed, by reason of certain amendments to its organization, to " *The Supreme Court of the United Order of Foresters;* " that the defendants *Wharry* and *McDermand* had been expelled from the plaintiffs' organizations, and the defendant *Stoltz* had been suspended; that they combined and conspired to organize a spurious order of " Foresters," using the knowledge and information acquired by having been members of the plaintiffs' genuine order, and combined and conspired with the defendants, who had organized the defendant corporation, and were wrongfully endeavoring to mislead and deceive the public and the members of the plaintiffs' organizations, and were giving out, publishing, and pretending that the defendant corporation was a body corporate of the genuine order of Foresters, duly and lawfully organized and empowered to do and transact such insurance business upon the said plan, and that membership in the genuine order of Foresters might be obtained by joining it and paying dues and assessments to it, and that members of the plaintiffs' genuine order of Foresters might properly pay their dues and assessments to it, and retain their standing and benefits as such; that they were wrongfully endeavoring and attempting to obtain such payments.

The plaintiffs prayed for and obtained, but without previous notice, a temporary injunction, which they sought to have made perpetual, restraining the defendant the *Supreme*

*Court of the United Order of Foresters* and its officers, agents, attorneys, etc., from doing or transacting any business as a fraternal or beneficiary corporation, order, or association for the relief of its members and beneficiaries, furnishing life and casualty insurance and indemnity upon the mutual or assessment plan, except as such persons were members of the so-called "Columbian League," or the "Columbian Life," mentioned in the complaint, on or prior to August 24, 1894; and that the other defendants, their agents, etc., refrain from doing or transacting any such business for or on behalf or account of said *Supreme Court of the United Order of Foresters*, and that the defendants refrain from collecting or receiving any fees or assessments or dues from any member of the plaintiffs' genuine order of Foresters.

It was alleged in duly-verified answers of the different defendants that the Columbian League was properly organized under the laws of Wisconsin, and legally licensed to do an insurance business, under chapter 418 of the Laws of Wisconsin for 1891, and that on February 15, 1894, the name of said Columbian League was changed to "The Columbian Life of Wisconsin," and on August 24, 1894, said organization duly and legally changed its name to "*The Supreme Court of the United Order of Foresters*," and that it was duly and legally authorized and licensed to do business in Wisconsin, under the said act, and that it had filed all reports required by law with the insurance commissioner. It denied the making of the representations alleged in the complaint, or that it was attempting to collect dues from the members of the corporations plaintiff, and averred, in substance, that it was transacting its appropriate business under its organization and incorporation as aforesaid.

Upon the defendants' motion, the court dissolved the temporary injunction as to the defendant the *Supreme Court of the United Order of Foresters*, and as to the other defend-

238     SUPREME COURT OF WISCONSIN.     [94

Independent Order of Foresters of Canada vs. United Order of Foresters.

ants it was modified so that it should affect them only to the extent that they should not be permitted to collect, receipt for, or handle any dues, assessments, or moneys of the said plaintiffs, unless thereafter specially authorized so to do; and a reference was ordered to a court commissioner to take proofs of the damages and costs to the defendant the *Supreme Court of the United Order of Foresters* and the other defendants which had ensued upon or resulted from the pendency, existence, and granting of said order of injunction, and to report the same to the court. From this order the plaintiffs appealed.

For the appellants there was a brief by *Bushnell, Rogers & Hall,* and oral argument by *A. R. Bushnell.*

For the respondents there were briefs by *Chafin & Parkinson,* attorneys, and *Harper & Harper,* of counsel, and oral argument by *E. W. Chafin* and *S. A. Harper.*

Pinney, J.   1. It appears, in substance, that certain of the defendants, February 26, 1893, made and entered into articles of association for the purpose of forming a corporation by the name of the Columbian League, under the laws of Wisconsin, and more particularly under ch. 86, R. S., and the acts amendatory thereof; its business and purpose being the promotion of patriotism and good citizenship, and the mutual relief and assistance of its members, or the widows, orphans, and heirs, beneficiaries or legatees, of deceased members, or those partially disabled from old age; said business to be conducted according to the laws of Wisconsin relating to mutual beneficiary and fraternal corporations, societies, orders, and associations providing insurance on the assessment plan. At this time existing statutes had been modified by ch. 418, Laws of 1891, being "An act to *regulate* mutual beneficiary and fraternal corporations, societies, orders and associations, providing insurance on the assessment plan," and sec. 1 of this act provides how such organizations might

thereafter be effected.   By sec. 4 of this act all such corpo-
rations are declared to be "mutual benefit associations, and
exempt from the provisions of the general insurance laws of
the state, and shall be subject only to the provisions" of
such act; and by sec. 5 every such corporation, etc., is re-
quired to annually make and file a certain report, as therein
prescribed, on or before the 1st day of March in each year.
By previous legislation in relation to secret beneficiary, char-
itable, and benevolent orders, they had been declared not to
be life insurance companies, in the sense and meaning of the
general laws of the state, and to be exempt from the provis-
ions of such laws.   Laws of 1879, ch. 204; Laws of 1889, ch.
334.   The defendant corporation seems to have been organ-
ized under sec. 1771, R. S., in connection with ch. 418, Laws
of 1891; and the purposes for which it was created appear,
in view of the acts of 1879 and 1889, to fall within the phrase
in that section, "or for any lawful business or purpose what-
ever, except," etc.   The contention of the plaintiffs is that
ch. 86, R. S., did not authorize the formation of the corpo-
ration or association defendant, or the changes of its name,
and that, therefore, the injunctional order was rightly
granted.   There seems to have been adequate authority of
law for the organization of the corporation and the changes
in its name (R. S. secs. 1771, 1774–1791; *Merrill v. Wis. Fe-
male College,* 74 Wis. 418), and there had been a user by the
defendant corporation of the rights claimed by virtue of its
organization under the law.   It is elementary and supported
by numerous adjudications, that defects or irregularities in
the organization of a corporation can be taken advantage of
only by the state upon *quo warranto* to test its right *de jure*
to be and act as a corporation.   If there is a charter or law
under which such an association might lawfully be incorpo-
rated, and there has been a colorable compliance with the
charter or law, and an exercise of the rights claimed under

it, then the existence of the corporation *de facto* is established, and its existence *de jure* cannot be inquired into collaterally. Beach, Priv. Corp. § 13. And the rule is applicable to corporations organized under general laws. Id. § 14; 2 Morawetz, Priv. Corp. § 745; Cook, Stock (3d ed.), §§ 632, 637; *Ashland v. Wheeler*, 88 Wis. 617; *Methodist Episcopal U. Church v. Pickett*, 19 N. Y. 485; *Eaton v. Aspinwall*, 19 N. Y. 119; *Stout v. Zulick*, 48 N. J. Law, 599; *Baker v. Neff*, 73 Ind. 68; *East Norway Lake N. E. L. Church v. Froislie*, 37 Minn. 447; *Williamson v. Kokomo B. & L. F. Asso.* 89 Ind. 389; *Renwick v. Hall*, 84 Ill. 163. A court of equity, in the absence of statute authority, has no jurisdiction, at the suit of a private party, to try and determine the question whether a corporation *de facto* is a corporation *de jure*, or to decree a forfeiture of its franchises, or its dissolution, or to exclude it from the exercise of its corporate franchises. The remedy in all such cases is at law, and exists only in favor of the state. 2 Morawetz, Priv. Corp. §§ 1040, 1041; Cook, Stock, §§ 629, 632, 637. Aside from a few exceptions not material to the present case, no private person is allowed to assert, as a party litigant, that the corporation is illegal, that its franchises have been forfeited, or that the corporation is dissolved, or its incorporation is illegal, until after it has been so adjudged by a court, in proceedings instituted for that purpose by the state. *Strong v. McCagg*, 55 Wis. 624; *Jersey City G. L. Co. v. Consumers Gas Co.* 40 N. J. Eq. 427; *Folger v. Columbian Ins. Co.* 99 Mass. 267; *Renwick v. Hall*, 84 Ill. 163. The complaint, therefore, stated no cause of action to warrant an injunction against the corporation, and it was wholly insufficient for that purpose as against its co-defendants, who were acting in the premises as the officers and agents of the corporation. The corporation could act, in carrying on its general business, only by and through its officers and agents, and it would be a mere

evasion of the rule to deny the right of a court of equity in such a case as the present to restrain a corporation, and yet sustain it as to its officers and agents.

2. The effect of the injunction was to suspend the ordinary business of the defendant corporation. It required the defendant, its officers, agents, etc., "to strictly refrain from doing or transacting any business as a fraternal or beneficiary corporation, order, or association for the relief of its members and beneficiaries furnishing life and casualty insurance and indemnity upon the mutual plan, except with members of the Columbian League, or Columbian Life, on and prior to August 24, 1894." The injunction operated to suspend the business the corporation was organized to transact. It was granted without notice, and by a court commissioner, in direct violation of the statute (R. S. sec. 2780), which declares that "an injunction to suspend the general and ordinary business of a corporation shall not be granted, except by the court or presiding judge thereof, nor shall it be granted without due notice of the application therefor to the proper officers of the corporation, except when the state is a party," etc. The injunction operated practically to suppress the defendant company, and it precluded it from transacting any business, except in relation to matters that had occurred prior to August 24, 1894. It is not perceived that an unauthorized payment to the defendants of dues and assessments belonging to the plaintiffs, or imminent danger of such collection and payment, would warrant an injunction, for the rights of the plaintiffs in such event would not be prejudiced, and the payment would be void. The order appealed from, in so far as it vacated and dissolved the injunctional order, is correct.

3. The part of the order directing a reference to ascertain the damages of the defendants was, we think, premature and erroneous. The statute (sec. 2778) provides for giving an undertaking upon the part of the plaintiff "to the effect

that the plaintiff will pay to the parties enjoined such damages, not exceeding an amount to be specified, as he may sustain by reason of the injunction, if the court shall *finally decide* that the plaintiff was not entitled thereto.    The damages may be ascertained by a reference, or otherwise, as the court shall direct." An order sustaining a motion to vacate or dissolve an injunctional order is not a final decision, within the meaning of this statute.    The complaint may be amended so as to warrant an injunction, or the court may at the trial decide that the plaintiff was entitled to it, or it may be so decided on appeal.    The reference should not be ordered until after judgment has been rendered and the cause disposed of.    Although cases may occur where it will be manifest, upon the order vacating the injunction, that the plaintiff's claim to it can, in no event, be sustained, yet we apprehend that it will be better to have a uniform rule of practice on the subject.    Whether the decision of the court, in any such case, will be final, is, to a certain extent, speculative, and still in doubt.    This is in conformity with the previous decisions in this state, and in New York under a statute in the same terms as our own. *Parish v. Reeve,* 63 Wis. 315; *Kane v. Casgrain,* 69 Wis. 430–432; *Avery v. Ryan,* 74 Wis. 601; *Johnson v. Elwood,* 82 N. Y. 362; *Palmer v. Foley,* 71 N. Y. 106; *Pacific Mail S. S. Co. v. Toel,* 85 N. Y. 646.

*By the Court.*— That part of the order appealed from dissolving the injunction is affirmed, and the part directing a reference is reversed.    Neither party is to recover costs on this appeal, but the appellants are to pay the fees of the clerk of this court.