L. Mulet & Co., Plaintiffs and Appellees, *v.* Local Committee of the Unionist Party of Porto Rico in Mayagüez, Defendant and Appellant.

Appeal from the District Court of Mayagüez in an Action of Debt.

No. 1451.—Decided July 28, 1916.

De Facto Corporation—Committee of Political Party—Action of Debt—Estoppel.—The local committee of a political party, after opening an account, purchasing supplies, making various payments and promising to pay the balance, and after appearing as such committee and demurring to a complaint in an action to recover the amount unpaid, is estopped from denying its existence and capacity for the purpose of such litigation.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellant.

*Mr. E. Ramírez Nadal* for the appellees.

Mr. Justice Hutchison delivered the opinion of the court.

Defendant, appellant, during the political campaign of 1914, acting through its chairman, made arrangements with the plaintiff firm for the opening of an account and for the filling of prescriptions bearing for purposes of identification and as evidence of due authorization thereof the stamp of the official seal of the committee, and, in addition thereto, in certain specified cases, as subsequently provided by resolution of said committee, notice of which was given to said plaintiff in writing, the signature of the said chairman thereof.

Various instalments were paid on the account and plaintiff, appellee, obtained judgment in the District Court of Mayagüez against defendant, appellant, for a balance of $622.45, with interest, costs, disbursements and attorney's fees, on account of drugs and medicines so furnished at the instance and request and upon the express promise of de-

fendant, appellant, in an assumed, if not an actual, corporate capacity, to pay any such balance in full after the elections.

Plaintiff, apparently referring to the Unionist Party as well as to its local committee, alleged, among other things, that defendant is ''a body politic duly organized under the laws of Porto Rico, whose representation is conferred upon its committee, which is authorized to contract debts.'' The defendant committee appeared as such by its attorney and demurred to the complaint on the grounds, first, that the court had no jurisdiction over the person of the defendant political committee, and, second, that the complaint did not state facts sufficient to constitute a cause of action. It does not appear upon what theory these grounds were sought to be sustained below nor that any question of want of corporate capacity was raised or had occurred to defendant prior to the filing of its answer.

The demurrer was overruled by the court and defendant answered denying each and every allegation of the complaint, adding to its denial of the averment first above-mentioned the affirmative statement that ''the defendant political committee only has authority to call political conventions, which elect the candidates who are to fill the public offices in the city of Mayagüez,'' and set out as new matter the further defence that:

''(a) The local committee, defendant, is not recognized by any law in Porto Rico and is not incorporated in the office of the Secretary of Porto Rico in accordance with the law of corporations in force, nor in accordance with any other law.

''(b) The defendant local committee has no legal capacity to appear in any way before the courts of Porto Rico either as a juristic person or as a political entity, or in any other capacity.''

The only evidence introduced by defendant is a letter from the office of the Secretary of Porto Rico which reads as follows:

''San Juan, November 1, 1915.—Sir: I have the honor to acknowledge receipt of your letter of the 30th ultimo and to inform

you in reply that the Local Committee of the Unionist Party of Porto Rico in Mayagüez is not registered in this office as a corporation or association under the Acts of March 9, 1911, governing private corporations and associations not for pecuniary profit. Respectfully, A. Siaca Pacheco, Acting Secretary of Porto Rico.—Mr. Angel A. Vázquez, Attorney and Notary, Mayagüez, P. R.''

The record shows the following findings of fact and conclusions of law:

''It was proved by the plaintiff that in the month of July of 1914, Luis Vilella Vélez, acting as president of the local committee of the Unionist Party of Porto Rico in Mayagüez and as such president, requested and obtained from the plaintiff firm the opening of an account for the furnishing by said plaintiff of medicines and drugs to the members of his party during the electoral campaign of that year and the plaintiff firm proved that the medicines were to be delivered to all persons who presented prescriptions or orders stamped with the seal of the defendant committee. The plaintiff firm proved also that it so delivered medicines to different persons on orders of the defendant committee to the value of $630.45 over and above the amounts paid on account. The plaintiff firm proved also that an account of $62 which the said committee had with the Successors of G. Mulet was added to the plaintiff's account, making a total of $692.45 and that the said account had not been paid in whole or in part.

''The defendant introduced no evidence but only objected to the admission of the account presented by the plaintiff firm on account of the fact that it did not appear in an official book of the said firm and placed great reliance upon the fact that the defendant political party was not incorporated under the laws of Porto Rico or of anywhere else and therefore had no capacity to be sued.

''As to the first proposition, the court is of the opinion that there is clear proof of the existence of the account and the delivery of the merchandise by the plaintiff firm at the request and for the benefit of the defendant committee and that the latter has not paid the resulting debt. The contract entered into between Luis Vilella Vélez as president of the defendant committee (and the plaintiff) is clearly corroborated by the letter of August 15, 1915, written by Vilella Vélez as such president to Luis Mulet, managing partner of the plaintiff firm, in which mention is made of the contract for

furnishing the medicines, therefore the defendant committee cannot now repudiate an account which was created at its instance.

"As to the second contention, that the defendant committee is not incorporated in accordance with the laws of Porto Rico governing corporations not for pecuniary profit, we will say that there are two classes of corporations known as *de jure* and *de facto* corporations and the court is of the opinion that the defendant committee is a *de facto* corporation.

"According to this doctrine we find in this case that there is a law in Porto Rico for the organization of associations not for pecuniary profit—Act No. 22 passed by the Legislative Assembly of Porto Rico on March 9, 1911—and under this law a *de jure* corporation of the same character, class and nature as the defendant committee may be organized. As it was proved at the trial that this committee is organized with a president, a secretary and various members and that they together have acted as they would have acted as an organized corporation *de jure,* the court holds that it is a *de facto* corporation."

" 'If there is a law authorizing incorporation and a company has attempted to organize under it and has acted as a corporation, it is a *de facto* corporation, and its *de jure* existence can be questioned only by the State. Cook on Corporations, 6th ed., vol. 2, p. 1805.'

"At the same page and in the note appearing at the bottom is reported the case of *Independent Order* v. *United States,* 94 Wis. 234.

" 'The test of a *de facto* corporation is this: Was there a law under which there might have been a *de jure* corporation of a kind, character, and class to which the organization in question apparently belongs.'

"And pursuant to that doctrine we find in this case that there is a law in Porto Rico for the constitution of associations not for pecuniary profit, Act No. 22, approved by the Legislature of Porto Rico on March 9, 1911, by virtue of which a *de jure* corporation may be formed of the nature, kind and condition of the defendant committee, and inasmuch as it was shown at the trial that such committee is composed of a chairman, secretary and other members, and that all jointly have taken all the steps they might have taken if organized in a corporation *de jure,* the court is of the opinion that said committee, defendant, is a *de facto* corporation."

Error is assigned as follow

"I. The court erred in overruling the demurrer for want of jurisdiction over the person of defendant.

"II. The court erred in overruling the demurrer for want of sufficient facts to constitute a cause of action.

"III. The court erred in rendering judgment upon the ground that it had been shown that Luis Vilella, acting as chairman of the defendant committee, requested and obtained the drugs mentioned in the complaint.

"IV. Plaintiff did not prove the second and third allegations of the complaint."

The argument under these assignments is, as to the first, that the allegation of the complaint to the effect that defendant is a body politic duly organized under the laws of Porto Rico is insufficient to give the court jurisdiction over the person of defendant, that if plaintiff meant to include defendant among the associations mentioned in the Law No. 22, approved March 9, 1911, it should have alleged "that defendant is an association not for pecuniary profit duly recorded in the office of the Secretary of Porto Rico"; as to the second, that the fifth allegation of the complaint to the effect that "the chairman of said committee, Luis Villela Vélez, acting in the name and representation of said committee, requested of the plaintiff mercantile firm that it should take over the account against said committee of the Unionist Party of Porto Rico existing in the pharmacy of the Successors of G. Mulet, of this city, an account for medicines and pharmaceutical products furnished by the said Successors of G. Mulet to affiliated members of the Unionist Party of Porto Rico in Mayagüez, pursuant to orders of the said committee, that the account of Successores of G. Mulet amounts to $62, the plaintiff mercantile firm agreeing to take over the indebtedness to the said Successors of G. Mulet, and Luis Vilella Vélez, as chairman of the defendant committee and in representation thereof, again agreeing at that time to pay on November 30, 1914, the amount of the said two accounts which make a total of $792.45, is insufficient to constitute a cause of action because it is not ex-

pressly alleged that plaintiff took over said account, that to say that plaintiff agreed to take it over does not necessarily imply that it did so; as to the third, that in order to justify the judgment rendered it was necessary for plaintiff to show that plaintiff was a mercantile partnership duly organized and that defendant was a body politic organized under the laws of Porto Rico with authority to contract debts, defendant having denied that fact and having alleged that it only had authority to call conventions and further by way of affirmative defense the new matter, *supra,* that plaintiff not having presented the public instrument creating it and a certificate from the Secretary of Porto Rico showing that defendant is of record as an association with capacity to sue and be sued and to contract debts, and the present chairman of the defendant committee having testified as a witness for the plaintiff that there exists in Porto Rico a party called "Unión de Puerto Rico," but that the same is not incorporated in the office of the Secretary of Porto Rico as far as witness knows, and the defendant having adduced as evidence in its defense the letter from the Secretary's office, *supra,*—there is no basis upon which to rest a judgment; and as to the fourth, that the evidence analyzed at some length in appellant's brief does not sustain the second and third allegations of the complaint, which are as follows:

"2. The defendant, on or about the end of the month of July, 1914, and acting through its president, Luis Vilella Vélez, made arrangements with the plaintiff firm for the opening of an account which under no circumstances should exceed the sum of $800, for the filling by the plaintiff firm, to all members of the Union Party of Porto Rico, of all prescriptions for medicines, drugs and other products, under the authorization of said committee or any representative thereof, during the political campaign of 1914, the said committee being responsible through its president for the satisfaction to the plaintiff firm of the amount due until the next day after the elections, to wit, the 4th of November, 1914, on November 30, 1914.

"3. The plaintiff firm, pursuant to orders of the defendant committee, sold and delivered from the 31st of July, 1914, until Novem-

ber 1 of the same year medicines and other drugs to several persons pertaining to the defendant party in compliance with the aforesaid orders, in the amount of $630.45.''

However open to criticism the complaint may be upon grounds other than those specified in the demurrer, by reason of the alleged defects discussed by defendant, appellant, under the first and second assignments, we do not think the omissions complained of amount to a want of facts sufficient to constitute a cause of action.

The third assignment is equally without merit. There was not a scintilla of evidence adduced by defendant in support of the implied claim that the acts of the committee in assuming the obligation which it now seeks to evade were *ultra vires* as not included in the power to call political conventions. Neither the evidence introduced by defendant nor the argument of the brief tends in any degree whatever to contradict or affect the proposition established by the evidence to the satisfaction of the trial judge, found and determined by him as a fact and expressly made the basis of the judgment below, to wit: that the defendant is at least a *de facto* corporation whatever its status *de jure* may or may not be. Possibly the court below erred in this regard but, if so, defendant has not only wholly failed but has not even attempted to point out such error. Nor if it had undertaken to question the conclusion reached by the trial court in this regard would we be disposed to consider the question on its merits for the reason that, in the circumstances of the case at bar, as above outlined, defendant, even if it is not a *de facto* corporation, is clearly estopped to deny its existence and capacity for the purposes of this litigation. Clark on Corporations (2d ed.), p. 96; 7 R. C. L. p. 63, sec. 44, p. 105, sec. 82, p. 670, sec. 674, p. 678, sec. 680, p. 679, sec. 681; 10 R. C. L. 724, secs. 46 *et seq.*

We have carefully examined the record in the light of the contention made by appellant under the fourth assignment and find that the evidence is amply sufficient to sustain

the conclusions reached by the trial court in this regard, in which we fully concur.

The judgment appealed appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.