L. Mulet y Compañía, Demandante y Apelado, *v.* El Comité Local del Partido "Unión de Puerto Rico," en Mayagüez, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de Mayagüez, en causa sobre cobro de dinero.

No. 1451.—Resuelto en julio 28, 1916.

Corporaciones de Facto—Comité Local de Partidos Políticos—Cobro de Dinero—Impedimento o Estoppel.—El comité local de un partido político después de abrir un crédito, comprar efectos, hacer varios pagos y prometer verificar el pago del saldo y después de comparecer como tal comité formu-

lando excepciones previas a una demanda establecida en una acción sobre cobro de la cantidad adeudada, no puede negar su existencia y capacidad como tal comité para los fines de dicho litigio.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Angel A. Vázquez.*

Abogado del apelado: *Sr. E. Ramírez Nadal.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

El demandado y apelante durante la campaña política de 1914, por conducto de su presidente, hizo arreglos con la mercantil demandante para abrir un crédito con ésta, con el fin de que fueran despachadas las recetas que llevaran el sello oficial del comité para poder ser identificadas, y como prueba de estar debidamente autorizadas, y que además de esto, y en ciertos casos particulares, como subsiguientemente se dispuso por resolución del referido comité, de la cual fué informado por escrito la demandante, dichas recetas llevarían también la firma del presidente de dicho comité.

Varias partidas fueron satisfechas con cargo a la cuenta, habiendo obtenido la demandante y apelada sentencia en la Corte de Distrito de Mayagüez contra el demandado y apelante por un saldo ascendente a $622.45, con intereses, costas, desembolsos y honorarios de abogado, por las drogas y medicinas que en tal forma fueron entregadas a petición e instancia y por virtud de la promesa expresa hecha por el demandado y apelante en una supuesta, sino verdadera, capacidad como tal corporación, de pagar el importe de cualquier saldo que estuviera pendiente después de las elecciones.

La demandante refiriéndose al parecer al Partido Unión como también a su comité local, alegó entre otras cosas, que el demandado es un "cuerpo político debidamente organizado, de acuerdo con las leyes de Puerto Rico, cuya representación está confiada a su comité quien tiene autorización para contraer deudas." El comité demandado compareció en tal carácter por medio de su abogado y formuló excepciones previas a la demanda por el fundamento, primero, de

que la corte no tenía jurisdicción sobre la persona del comité. político demandado, y segundo, porque la demanda no aducía hechos suficientes para determinar una causa de acción. No consta en virtud de qué teoría se trataron de sostener estos fundamentos en la corte inferior, ni que fué promovida ninguna cuestión relativa a la falta de capacidad de la corporación o que se le había ocurrido al demandado con anterioridad a la presentación de su contestación.

Las excepciones previas fueron declaradas sin lugar por la corte y el demandado contestó negando todas y cada una de las alegaciones de la demanda, agregando a su negativa de la alegación mencionada en primer término, la alegación en contrario de "que el comité político demandado sólo tiene autorización para convocar convenciones de carácter político que elijan los candidatos que han de ocupar los puestos públicos en la ciudad de Mayagüez," y alegó como materia nueva de defensa, que:

"(a) El comité local demandado no está reconocido por ley alguna en Puerto Rico y no está incorporado en la Secretaría de Puerto Rico, de acuerdo con la Ley de Corporaciones vigente, ni de ninguna otra ley.

"(b) El comité local demandado no tiene capacidad legal para comparecer en forma alguna ante las Cortes de Justicia de Puerto Rico, ni como persona jurídica, ni como entidad política, ni de ninguna otra índole."

La única prueba que fué presentada por el demandado es una carta de la oficina del Secretario de Puerto Rico, que dice lo siguiente:

"San Juan, primero de noviembre de 1915. Señor: Tengo el honor de acusarle recibo de su carta de fecha 30 del próximo pasado y en contestación debo informarle que el comité local en Mayagüez del partido político Unión de Puerto Rico, no está registrado en la Secretaría como una corporación o asociación de las que se rigen por las dos leyes de nueve de marzo de 1911 sobre corporaciones privadas y asociaciones que no tiene por objeto un beneficio pecuniario. Respetuosamente, A. Siaca Pacheco, Secretario de Puerto Rico interino. Sr. Angel A. Vázquez, abogado notario, Mayagüez, P. R."

De los autos aparecen las siguientes conclusiones de hecho y de derecho, a saber:

"Probóse por el demandante que allá en uno de los días del mes de julio de 1914, Don Luis Vilella Vélez, actuando como presidente del comité local del Partido Unión de Puerto Rico en Mayagüez, en su carácter de tal presidente, solicitó y obtuvo de la mercantil demandante un crédito para que dicha demandante le supliera medicinas y drogas a los miembros de su partido durante la campaña electoral de ese año, habiéndose probado por la mercantil demandante que las medicinas habían de ser entregadas a todas aquellas personas que presentaran una receta o una orden endosada con el sello del comité demandado, y habiéndose asimismo probado por la mercantil demandante que ésta entregó de ese modo medicinas a órdenes del comité demandado y despachadas a distintas personas por valor de $630.45 sin contar las partidas que se le habían abonado; y probóse asimismo por la mercantil demandante que una cuenta que dicho comité tenía con Sucesores de G. Mulet, montante a $62, fué englobada en la cuenta de la demandante, lo que todo hace un total de $692.45 y que esa cuenta no ha sido satisfecha en todo ni en parte.

"El demandado no presentó prueba alguna, limitándose a oponerse a la admisión de la cuenta presentada por la mercantil demandante, por el hecho de que no aparece la misma de un libro oficial de dicha mercantil y haciendo un gran hincapié en el hecho de no estar incorporado el partido demandado de acuerdo con las leyes de Puerto Rico ni otra ley alguna y no tener por lo tanto personalidad para ser demandado.

"En cuanto a la primera proposición, la corte es de opinión que ha quedado plenamente probada la existencia de la cuenta y la entrega de las mercaderías por la mercantil demandante, a solicitud y para beneficio del comité demandado, y que éste no ha satisfecho lo que resultó adeudando, y en cuanto a la existencia del contrato celebrado entre Luis Vilella Vélez en su carácter de presidente del comité demandado, está plenamente corroborado por la carta de fecha 15 de agosto de 1915 que dirige el propio Vilella Vélez en su carácter de tal presidente a Don Luis Mulet, socio gestor de la mercantil demandante, en la que se hace mención del contrato celebrado para la entrega de las medicinas, no pudiendo desde luego, ahora el comité demandado oponerse con éxito a una cuenta que fué creada a su instancia.

"En cuanto al segundo particular de no estar el comité demandado incorporado de acuerdo con las leyes de Puerto Rico creando

corporaciones que no tienen por objeto un fin pecuniario, debemos decir que existen dos clases de corporaciones, las denominadas *de jure* y las *de facto,* y la corte es de opinión que este comité demandado es una corporación *de facto.*

" 'Si existe una ley que autoriza la incorporación y una compañía ha tratado de organizarse con arreglo a la misma y ha actuado como una corporación, es una corporación *de facto,* pudiendo únicamente el Estado impugnar su existencia *de jure.* Cook on Corporations, 6th ed., vol. 2, p. 1805.'

"En la misma página y en la nota al pie, encontramos anotados el caso *Independent Order* v. *United States,* 94 Wis. 234.

" 'El medio de probar si una corporación es *de facto* es el siguiente: ¿Existía una ley por virtud de la cual podría haber habido una corporación *de jure* de la clase, naturaleza y especie a que pertenece aparentemente la organización en cuestión?' "

"Y de acuerdo con esa doctrina encontramos en el presente caso, que existe en Puerto Rico una ley para la formación de asociaciones que no tengan por objeto un beneficio pecuniario, ley que lleva el número 22, aprobada por la Asamblea Legislativa de Puerto Rico en nueve de marzo de 1911 y mediante la cual ley puede formarse una corporación de jure de la misma naturaleza, clase y condición de la del comité demandado, y como se comprobó en el acto del juicio que ese comité está formado por un presidente, un secretario y varios vocales, y que unidos todos han desempeñado las gestiones que hubieran desempeñado de haber estado organizados en una corporación *de jure,* la corte entiende que es una corporación *de facto.* "

Los siguientes errores fueron alegados:

"I. La corte erró al declarar sin lugar la excepción de falta de jurisdicción sobre la persona del demandado.

"II. La corte erró al desestimar la excepción de falta de hechos para constituir una causa de acción.

"III. La corte erró al dictar sentencia declarando con lugar la demanda por el fundamento de haberse probado que Don Luis Vilella actuando como presidente del comité demandado solicitó y obtuvo las medicinas a que la demanda se refiere.

"IV. El demandante no probó los hechos segundo y tercero de su demanda."

El razonamiento de estos señalamientos es, en cuanto al primero, que la alegación de la demanda de que el demandado

es un cuerpo político debidamente organizado de acuerdo con las leyes de Puerto Rico es insuficiente para dar jurisdicción a la corte sobre la persona del demandado; que si la demandante tuvo la intención de incluir al demandado entre las asociaciones a que se refiere la ley No. 22, aprobada en marzo 9, 1911, debía haber alegado "que el demandado es una asociación que no tiene por objeto un beneficio pecuniario, inscrita debidamente en la Secretaría de Puerto Rico;" en lo que respecta al segundo, que la alegación quinta de la demanda (al efecto de que "el presidente de dicho comité Don Luis Vilella Vélez, actuando a nombre y representación de dicho comité, solicitó de la mercantil demandante que se hiciera cargo del crédito que contra dicho comité del Partido Unión de Puerto Rico existía en la farmacia de Sucesores de G. Mulet, de esta ciudad, crédito que provenía de medicinas y productos farmacéuticos expedidos por dichos Sucesores de G. Mulet a miembros afiliados del Partido Unión de Puerto Rico, en Mayagüez, de acuerdo con órdenes de dicho comité. Que la cuenta de Sucesores de G. Mulet asciende a $62, conviniendo la mercantil demandante en hacerse cargo de la acreencia de dichos Sucesores de G. Mulet y conviniendo nuevamente en aquel momento Don Luis Vilella Vélez en su carácter de presidente del comité demandado, y en representación del mismo, pagar el día 30 de noviembre de 1914, el importe de los dos créditos mencionados, los cuales forman un total de seiscientos noventa y dos dólares, cuarenta y cinco centavos,") es insuficiente para constituir una causa de acción, porque no se alega expresamente que la demandante se hizo cargo de esa cuenta; que decir que la demandante convino en hacerse cargo de ella no implica necesariamente que llegó a hacerse cargo de dicha cuenta; y en cuanto al tercer señalamiento, que para justificar la sentencia que fué dictada era necesario para la demandante probar que la demandante era una sociedad mercantil constituída debidamente, y el demandado un cuerpo político formado de acuerdo con las leyes de Puerto Rico, autorizado para con-

traer deudas, cuyo hecho fué negado por el demandado, habiendo alegado que sólo tenía autorización para convocar convenciones y además y como materia de oposición, la defensa especial *supra,* de que no habiendo presentado la demandante la escritura pública de su constitución y una certificación del Secretario de Puerto Rico creditiva de que el demandado está inscrito como asociación, con capacidad para demandar y ser demandado, así como para contraer deudas, y habiendo declarado el actual presidente del comité demandado como testigo de la demandante que existe en Puerto Rico un partido llamado "Unión de Puerto Rico," pero que no está incorporado en la Secretaría de Puerto Rico según el conocimiento que acerca de esto tiene el testigo, y presentado el demandado como prueba en su defensa la carta de la oficina del Secretario, *supra,* no existe base alguna en qué fundar la sentencia; y con respecto al cuarto señalamiento de error, que la prueba que ha sido considerada con alguna extensión en el alegato del apelante no sostiene las alegaciones segunda y tercera de la demanda, las cuales son como sigue:

"2. El demandado, allá por la postrimería del mes de julio de 1914 y por conducto de su presidente Don Luis Vilella Vélez, solicitó y obtuvo de la mercantil demandante un crédito que en ningún caso había de exceder de la suma de ochocientos dollars para que la demandante en su establecimiento mercantil despachara a los miembros afiliados del Partido Unión de P. R. todas las órdenes que para medicinas, drogas u otros productos farmacéuticos fueran expedidas por dicho comité o sus representantes durante la campaña electoral del 1914, comprometiéndose dicho comité por su presidente a satisfacer a la demandante el importe de lo que adeudara hasta el día siguiente de las elecciones, o sea hasta el día 4 de noviembre de 1914, el día 30 de noviembre de dicho año.

"3. La demandante, atendiendo a órdenes del comité del partido demandado, despachó y entregó desde el día 21 de julio de 1914 hasta el día 1º. de noviembre del mismo año medicinas y otros productos farmacéuticos a distintas personas afiliadas al partido demandado de acuerdo con las órdenes ya dichas por valor de seiscientos treinta dollars cuarenta y cinco centavos."

Por expuesta a crítica que esté la demanda por otros fundamentos que no sean los que han sido alegados en la excepción previa debido a los supuestos defectos discutidos por el demandado y apelante, bajo el primero y segundo señalamientos, no creemos que las omisiones de las cuales se queja el demandado son equivalentes a no expresar la demanda hechos suficientes para determinar una causa de acción.

El tercer señalamiento carece asimismo de méritos. Ni siquiera el demandado presentó la más leve prueba en apoyo de la supuesta alegación de que los actos del comité al asumir la obligación que ahora pretende eludir, estaban fuera de sus facultades, (*ultra vires*) por no estar comprendidos en la facultad para convocar convenciones políticas. Ni la prueba que fué presentada por el demandado ni en el razonamiento que se hace en el alegato en manera alguna se trata de contradecir o afecta a la proposición establecida por la prueba a satisfacción del juez sentenciador y que fué declarada y considerada por él como un hecho cierto y que expresamente constituyó el fundamento de la sentencia de la corte inferior, a saber: que el demandado por lo menos es una corporación *de facto,* sea cual fuere su existencia *de jure.* No discutiremos si la corte inferior cometió error en cuanto al particular, pero si así fué el demandado no solamente dejó enteramente de probar dicho error sino que ni siquiera trató de alegarlo. Ni si se hubiera propuesto atacar la conclusión a que llegó la corte sentenciadora en este sentido estaríamos dispuestos a considerar la cuestión por sus méritos por la razón de que, dentro de las circunstancias del presente caso, como han sido referidas anteriormente, aun cuando el demandado no sea una corporación *de facto* está claramente impedido de poder negar su propia existencia y capacidad para los fines de este litigio. Clark on Corporations (2nd ed.), p. 96; 7 R. C. L. p. 63, sec. 44, p. 105, sec. 82, p. 670, sec. 674 p. 678, sec. 680, p. 679, sec. 681; 10 R. C. L. 724, secs. 46, y siguientes:

Hemos examinado los autos ciudadosamente a la luz de

la alegación formulada por el apelante en el cuarto señalamiento de error y llegamos a la conclusión de que la prueba es ampliamente suficiente para sostener las conclusiones alcanzadas por el juez sentenciador acerca de esta cuestión, con las cuales estamos enteramente de acuerdo.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.